## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

MICHIGAN SPINE & BRAIN
SURGEONS, PLLC (Our File: J.          Civil Action No.
Barabas),

                              Plaintiff,          Removed from Sixth Circuit Court
                                                  Case No. 18-170087-NF

-vs-

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

                              Defendant.

| | |
|---|---|
| Bryan L. Schefman, P35435 | Kevin J. Bacon, P69679 |
| Schefman & Associates, PC | Julie A. Taylor & Associates |
| Attorney for Plaintiff | Attorney for Defendant State Farm |
| 40900 Woodward Ave., Suite 111 | 20750 Civic Center Dr., Suite 400 |
| Bloomfield Hills, MI 48304 | Southfield, MI 48076 |
| (248) 594-2600; Fax: (248) 562-3225 | (248) 945-3856 |

## NOTICE OF REMOVAL

NOW COMES, Defendant, State Farm Mutual Automobile Insurance

Company, (hereinafter referred to as "Defendant") by and through its

attorneys, Julie A. Taylor & Associates, gives Notice, hereby files its Notice

of Removal, and states as follows:

1.    State Farm is a corporation duly organized under the laws of the

State of Illinois with its principal place of business in Bloomington, Illinois.

2.    Plaintiff is a resident of the County of Wayne, State of Michigan.

See Plaintiff's Complaint, attached as **Exhibit A, ¶1.**

3.     Plaintiff filed the above-captioned civil action on or about November 21, 2018.  **Exhibit A.**

4.     State Farm was served by Certified Mail on or about December 10, 2018.  See Proof of Service, attached as **Exhibit B.**

5.     In its Complaint, Plaintiff alleges it is entitled to double damages under the Medicare Secondary Payor Act ("MSPA"), pursuant to 42 U.S.C. §1395y(b)(3)(A)  **Exhibit A, ¶**28.

6.     This Honorable Court has original jurisdiction over this matter pursuant to 28 U.S.C. §1331 based on Plaintiff's MSPA Count, brought under 42 U.S.C. §1395y(b)(3)(A)[1].

7.     State Farm's Notice of Removal is timely because it is filed within thirty (30) days of receipt of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based pursuant to 28 U.S.C. §1446(b)(1).

8.     The within Notice of Removal will be filed with the Clerk of the Sixth Circuit Court, State of Michigan, as required by 28 U.S.C. §1446(d), and copies of the same will be served upon Plaintiff's counsel.

---

[1] "Federal question jurisdiction can be established by showing "either that federal law creates the cause of action or that the plaintiff[']s right to relief necessarily depends on resolution of a substantial question of federal law." *Thornton v. Sw. Detroit Hosp.*, 895 F.2d 1131, 1133 (6th Cir. 1990) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983)).

9.  State Farm hereby relies upon its Jury Demand previously filed in this matter and demands a trial by jury on the claims at issue in the Complaint(s).

10.  A copy of all pleadings filed to date in the State court matter are attached hereto as **Exhibit C**.

WHEREFORE, Defendant, State Farm Mutual Automobile Insurance Company, prays that this Honorable Court enter this cause on its docket and enter such further proceedings herein as may be proper and authorized by law.

JULIE A. TAYLOR & ASSOCIATES

s/ Kevin J. Bacon
Kevin J. Bacon, P69679
Attorney for Defendant State Farm
20750 Civic Center Dr., Suite 400
Southfield, MI 48076
(248) 945-3857
kevin.bacon.kjz3@statefarm.com

January 8, 2019

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

MICHIGAN SPINE & BRAIN
SURGEONS, PLLC (Our File: J.        Civil Action No.
Barabas),

     Plaintiff,        Removed from Sixth Circuit Court
           Case No. 18-170087-NF

-vs-

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

     Defendant.

| | |
|---|---|
| Bryan L. Schefman, P35435 | Kevin J. Bacon, P69679 |
| Schefman & Associates, PC | Julie A. Taylor & Associates |
| Attorney for Plaintiff | Attorney for Defendant State Farm |
| 40900 Woodward Ave., Suite 111 | 20750 Civic Center Dr., Suite 400 |
| Bloomfield Hills, MI 48304 | Southfield, MI 48076 |
| (248) 594-2600; Fax: (248) 562-3225 | (248) 945-3856 |

## PROOF OF SERVICE

STATE OF MICHIGAN  )
         )SS
COUNTY OF OAKLAND)

  Kathleen L. Porter certifies the following:

  On the 8th day of December, 2019 she electronically filed copies of Defendant State Farm Mutual Automobile Insurance Company's Notice of Removal and this Proof of Service with the Clerk of the Court using the CM/ECF system and served copies on Bryan L. Schefman, Esq., by United States mail.

       s/ Kathleen L. Porter
       Kathleen L. Porter

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

MICHIGAN SPINE & BRAIN
SURGEONS, PLLC (Our File: J.          Civil Action No.
Barabas),

                         Plaintiff,    Removed from Sixth Circuit Court
                                       Case No. 18-170087-NF
-vs-

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

                         Defendant.

| | |
|---|---|
| Bryan L. Schefman, P35435 | Kevin J. Bacon, P69679 |
| Schefman & Associates, PC | Julie A. Taylor & Associates |
| Attorney for Plaintiff | Attorney for Defendant State Farm |
| 40900 Woodward Ave., Suite 111 | 20750 Civic Center Dr., Suite 400 |
| Bloomfield Hills, MI 48304 | Southfield, MI 48076 |
| (248) 594-2600; Fax: (248) 562-3225 | (248) 945-3856 |

## INDEX OF EXHIBITS TO NOTICE OF REMOVAL

| Exhibit | Description |
|---------|-------------|
| A | Summons and Complaint |
| B | Proof of service of process |
| C | Answer and Jury Demand |

                              JULIE A. TAYLOR & ASSOCIATES

                              s/ Kevin J. Bacon
                              Kevin J. Bacon, P69679
                              Attorney for Defendant State Farm
                              20750 Civic Center Dr., Suite 400
                              Southfield, MI 48076
                              (248) 945-3857
                              kevin.bacon.kjz3@statefarm.com

January 8, 2019

*Exhibit A*

This case has been designated as an eFiling case. To review a copy of the Notice of Mandatory eFiling, visit www.oakgov.com/efiling.

Original - Court
1st copy - Defendant
2nd copy - Plaintiff
3rd copy - Return

| STATE OF MICHIGAN | | | |
|---|---|---|---|
| 6th | JUDICIAL DISTRICT JUDICIAL CIRCUIT COUNTY PROBATE | **SUMMONS** | CASE NO. 2018-170087-NF JUDGE CHERYL A. MATTHEWS |

Court address _____     Court telephone no. _____

| Plaintiff's name(s), address(es), and telephone no(s). MICHIGAN SPINE & BRAIN SURGEONS, PLLC (Our File: J Barabas) | v | Defendant's name(s), address(es), and telephone no(s). STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY Resident Agent: CSC-Lawyers Incorporating Service Co 601 Abbot Road East Lansing, MI 48823 |
|---|---|---|

Plaintiff's attorney, bar no., address, and telephone no.
Schefman & Associates, P.C.
Bryan Schefman (P35435)
40900 Woodlward Ave., Ste. 111
Bloomfield Hills, MI 48304
248-594-2600

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. Attached is a completed case inventory (form MC 21) listing these cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☑ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☑ this court, ☐ _____ Court, where

it was given case number  15-146698-NI _____ and assigned to Judge  RAE LEE CHABOT _____.

The action  ☐ remains  ☑ is no longer  pending.          bd

Summons section completed by court clerk.          | SUMMONS |

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court and serve a copy on the other party or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date 11/21/2018 | Expiration date* 02/20/2019 | Court clerk Lisa Brown |
|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01  (8/18)  **SUMMONS**          MCR 1.109(D), MCR 2.102(B), MCR 2.104, MCR 2.105

FILED   Received for Filing   Oakland County Clerk   11/21/2018 1:52 PM

This case has been designated as an eFiling case. To review a copy of the Notice of Mandatory eFiling visit www.oakgov.com/efiling.

STATE OF MICHIGAN
IN THE OAKLAND COUNTY CIRCUIT COURT

MICHIGAN SPINE & BRAIN SURGEONS, PLLC
(Our file: J. Barabas),

                                                    Case No.
                                                    Hon.

                Plaintiff,                    2018-170087-NF

vs.                                                 JUDGE CHERYL A.
                                                    MATTHEWS
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

                Defendant.

_____/

Bryan L. Schefman (P35435)
Kathlin Sorensen (P78969)
SCHEFMAN & ASSOCIATES, PC
*Attorneys for Plaintiff*
40900 Woodward Ave., Ste. 111
Bloomfield Hills, Michigan 48304
248-594-2600 phone
248-562-3225 fax
bryan@schefmanlaw.com
ksorensen@schefmanlaw.com

_____/

## **COMPLAINT**  bd

*A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has previously been filed in the Jurisdiction of the State of Michigan, Oakland County Circuit Court, Case no. 15-146698-NI before the Honorable Rae Lee Chabot and is no longer pending.*

NOW COMES Plaintiff, Michigan Spine and Brain Surgeons, PLLC

through counsel, Schefman & Associates, PC, and for its complaint, states as

follows:

FILED   Received for Filing   Oakland County Clerk   11/21/2018 1:52 PM

## Jurisdictional and Common Allegations

1. Plaintiff, Michigan Spine and Brain Surgeons, PLLC ("MSBS") is a licensed medical practice, serving patients in need of neurosurgical medical care in Oakland County, Michigan.

2. MSBS is the Assignee of non-party patient, Joan Barabas ("Injured" or "Insured"), for all claims for payment of her neurosurgical services presently due or past due, and the attorney in fact for purposes of pursuit of reimbursement and payment for those medical services due and past due as alleged herein. The Assignor was an insured under Defendant's policy of No-Fault Insurance, who incurred medical expenses arising out of the use of a motor vehicle as a motor vehicle, as set forth below.

3. Defendant, State Farm Mutual Automobile Insurance Company ("State Farm"), is authorized to do business in Michigan as a no-fault insurance company, and conducts a regular and systematic part of its business in Oakland County, Michigan, offering Personal Insurance Protection (PIP) benefits to residents and Plaintiff within the jurisdiction of the Oakland County Circuit Court.

4. Damages in this matter are more than $25,000.

### Count I
### Direct Right of Payment By Assignment

5. All paragraphs are incorporated as though fully set forth.

6. Joan Barabas was injured in an auto accident.

7. At the time of the collision, the insured, Joan Barabas, benefited from a policy of insurance with Defendant State Farm pursuant to the provisions

Dec/11/2018 12:33:47 PM          STATE FARM INSURANCE 2695532011                    10/46

Case 2:19-cv-10068-VAR-MKM ECF No. 1 filed 01/08/19 PageID.10 Page 10 of 36

of a contract of Insurance Issued pursuant to the Michigan No-Fault (No-Fault Act), MCLA 500.3101 et seq.

8. All applicable premiums were paid. Joan Barabas was either a named Insured under the policy or otherwise entitled to coverage, and incurred expenses for professional charges for neurosurgery. The Insured was not barred from coverage under any exclusion under the contract or the Act, and all conditions precedent required of an Insured have been performed or fulfilled.

9. The policy Included provisions for all basic personal Insurance protection benefits known as PIP benefits, and included the responsibility of payment for medical services reasonably necessary for the care, recovery, and/or rehabilitation of the insured, as a result of the accident.

10. The Insured's neurosurgical Intervention was required for the care, recovery, and/or rehabilitation of the Insured, as a result of the accident.

11. Joan Barabas executed a Lien, Assignment, and power of attorney Agreement, attached as **Exhibit 1**, assigning the right to enforce the within obligation of Defendant for payment of services due & past due which was for the care, recover, & rehabilitation of the Insured to MSBS and for which payment Is due or past due, and MSBS Is acting here as both Assignee In the place and stead of Joan Barabas, under that power of attorney.

12. Defendant State Farm is liable to the Insured Assignor, and to Plaintiff MSBS, which holds a power of attorney to seek payment by assignment In · the amount of $29,957.25, pursuant to MCLA 500.3107 (a), as these costs constitute allowable expenses consisting of all reasonable charges Incurred

for reasonably necessary products, services and accommodations for an injured person's care, recovery, or rehabilitation pursuant to MCLA 500.3142(1).

13. MSBS rendered its medical services for the care, recovery, & rehabilitation of the Insured, Joan Barabas, and submitted reasonable charges in the amount of $29,957.25, and pursuant to MCLA 500.3107 and MCLA 500.3142(1), Defendant is liable for payment of those reasonable charges. (See **Exhibit 2**- ledger)

14. The total amounts of the charges sought reflect charges that are uniform for both insured and uninsured patients of the practice alike, and are reasonable in all respects for the services rendered.

15. As a result of the Assignment, MSBS is entitled to directly receive payment for services due & past due under the insured's policy under MCLA 500.3107 (a), and to pursue any means, including litigation to force payment.

16. All invoices for services have been timely submitted but have not been paid, and are now due and/or overdue pursuant to section (2) of MCLA 500.3142, as having not been paid within 30 days after Defendant State Farm having received reasonable proof of the fact and of the amount of loss sustained, and for which, pursuant to section (3), now bear simple interest at the rate of 12% per annum.

17. Pursuant to MCLA 500.3148(1), Plaintiff Assignee is entitled to attorney's fees as Defendant State Farm has unreasonably refused to pay the claims made and unreasonably delayed in making proper payment to the insured.

FILED   Received for Filing   Oakland County Clerk   11/21/2018 1:52 PM

18.As a direct and proximate result of the breach of Joan Barabas insurance contract with Defendant, Plaintiff, MSBS, has incurred damages in the amount of $29,957.25 exclusive of all costs, interest, and attorney fees as allowed by law.

**WHEREFORE**, Plaintiff prays for an award of damages in the amount of $29,957.25, plus interest, costs, and actual attorney fees, and such other costs, interest and attorney fees as may be allowed under the No-Fault law.

## Count II

### Third-Party Beneficiary

19.All paragraphs are incorporated by reference as though fully set forth.

20.Plaintiff Assignee, is also a Third-Party beneficiary of the contract between the Insured-Assignors and the Defendant company.

21.Plaintiff is a person for whose benefit a promise of insurance was made by way of a no-fault insurance contract, for the payment due and past due for reasonably necessary medical care arising out of the use of a motor vehicle as a motor vehicle for the care, recovery and rehabilitation of the Insured, and therefore Plaintiff has the same right to enforce the insured's contract that the Plaintiff would have had if that promise had been made directly to Plaintiff as the promisee.

22.The promise under contract of the Defendant became effective at the moment the promise became legally binding on the Defendant promisor, when medical services were delivered, under conditions for which there is coverage under the policy and became presently due and/or past due.

FILED    Received for Filing    Oakland County Clerk    11/21/2018 1:52 PM

23.Although the Identity of Plaintiff as not ascertainable at the time the Insured entered into the contract, the obligations became legally binding on the promisor and vested at the time that services were rendered, expenses were incurred and became due or past due.

24. The Insured became indebted or otherwise obligated to the Plaintiff for whose benefit the promise was made when such services were rendered and incurred.

**WHEREFORE,** Plaintiff prays for an award of damages In the amount of $29,957.25, plus interest, costs, and actual attorney fees, and such other costs, interest and attorney fees as may be allowed under the No-Fault law.

## COUNT III

### Recovery Under the Medicare Secondary Payor Act

25.All paragraphs are incorporated by reference.

26.Plaintiff has applied for and obtained a conditional payment from the Medicare program for the medical services arising from or related to the motor vehicle collision.

27.Medicare has paid for a medical service that the primary non-group health plan was responsible for, and Defendant, as the primary non-group health plan, is liable for reimbursement of the Medicare paid amounts pursuant to 42 USC 1395y. See **Exhibit 2**

28.Defendant is further liable for double the amount paid by the Medicare program pursuant to 42USC 1395y.

29. Plaintiff has a direct right of action to file suit against the Defendant as primary non-group health plan, in order to force Defendant to make those payments as required under the Medicare Secondary Payor Act ("MSPA"), 42 USC 1395y(b)(2)(B)(ii).

30. Defendant's responsibility has been demonstrated under the contract issued to its insured under the Michigan No-Fault Act and under federal law, but has refused to pay a significant claim for neurosurgery arising out of the accident to Michigan Spine and Brain Surgeons, PLC, leaving the claim to be paid by Medicare.

31. Pursuant to the Medicare Secondary Payor Act, Defendant Insurer remains liable for double damages of the Medicare payments plus full charges, inasmuch as it has refused to make reimbursement to the medical provider despite its primary responsibility having been demonstrated, and allowed Medicare to pay for services arising out of its primary liability, pursuant to 42 USC 1395y(2)(B)(III), 42 USC 1395y(b)(3)(A) and 42 C.F.R. §411.31(b).

**WHEREFORE**, Plaintiff prays for an award of damages in the amount of $29,957.25, plus interest, costs, actual attorney fees, such other costs, interest and attorney fees as may be allowed under the No-Fault law, and double damages and full charges as may be allowed under the Medicare Secondary Payor Act.

Respectfully submitted,

FILED  Received for Filing  Oakland County Clerk  11/21/2018 1:52 PM

SCHEFMAN & ASSOCIATES, PC

___/s/Bryan Schefman_____
Bryan Schefman (P35435)
Kathlin Sorensen (P78969)
*Attorneys for Plaintiff*
40900 Woodward Ave., Suite 111
Bloomfield Hills, MI 48304
(248) 594-2600

Dated:  11/12/2018

FILED    Received for Filing    Oakland County Clerk    11/21/2018 1:52 PM

# EXHIBIT 1

FILED   Received for Filing   Oakland County Clerk   11/21/2018 1:52 PM

## Michigan Spine and Brain Surgeons, PLLC
## Medical Lien & Assignment Agreement On Health Care Insurance Receivable

Patient Name: _____Joan Barabas_____ ("Assignor")

Medical Provider: __Michigan Spine and Brain Surgeons, PLLC____ ("Assignee")

In exchange for the professional services for surgery and/or medical care, the following Lien and Assignment on Health Care Insurance Receivable shall be granted by Assignor to Assignee; in furtherance thereof, Assignor acknowledges the following:

Assignor acknowledges that he/she has incurred charges for medical services for which payment is due or is past due under a policy of insurance. Assignor acknowledges that Assignee has not only provided such medical services upon a promise of payment by Assignor, and Assignor's grant of this security interest, but Assignee may also assume the burden of enforcement of payment obligations for charges, no-fault interest, and attorney fees. This is an assignment to a health-care provider of a health-care-insurance receivable and any right to payment on all charges by any account debtor insurer.

As a means of cross collateralization of the security interest granted to Assignee, a lien is granted in the amount of all charges. This lien shall apply to proceeds acquired by Assignor through the exercise of any rights arising from any claim, cause of action, recovery, judgment, settlement or adjudication of any rights available to Assignor, whether raised against any individual or insurance company which was a proximate cause of the need for the medical services provided.

Assignor acknowledges and grants an assignment of any right to enforce payment of charges due or past due for medical services, from any policy of insurance, including but not limited to both health insurance and no-fault insurance, and shall include, in Assignee's sole discretion, the right to consider appeal of a payment denial, and/or the right to file suit to enforce the payment of benefits due or past due, the right to pursue enforcement under any beneficiary or fiduciary rights of Assignee in any plan issued or managed pursuant to ERISA federal law, and the right to pursue all Assignee's rights to interest and attorney fees that may be a part of the available rights under any suit based upon a certificate of coverage in any primary non-group health plan, such as no-fault, and or an ERISA plan.

Assignee or its agent is designated as my attorney in fact with respect to any action taken in pursuit of payment of incurred charges, interest, and attorney fees under any policy of insurance or rights under Michigan law. This power of attorney is not intended to, nor does it allow Assignee to take any action on any claim unrelated to the Assignee's charges, interest due thereon, and/or attorney fees incurred in the pursuit of any Assignee action.

I further instruct my attorneys, _____, to treat the medical bill incurred by me from Assignee as a first lien upon any monies recovered, payable from whatever source, disclaiming any common fund, and to pay the amount of the lien in full, without regard to any costs or attorney fees that I may incur, before Assignor is to receive any funds. I further instruct my attorneys to advise Assignee as to the existence of any claim asserted on my behalf relating to the medical services provided, so that Assignee may seek its own counsel and representation to enforce this Lien and Assignment.

Assignor's liability will be discharged by payment of any funds arising from settlement or judgment from Assignor's suit. This assignment does not extend to any future benefit in violation of MCL 500.3143.

This assignment shall be irrevocable. To the extent that any provision is determined to be unenforceable, it is my intent that the remaining provisions be enforced.

Patient Signature ___*Joan Barabas*___ ("Assignor")

Date __7/11/2018__

Providence Park
26850 Providence Parkway
Suite 215
Novi, MI 48374

Providence Medical Office Building
22250 Providence Drive
Suite 601
Southfield, MI 48075

St. John Macomb
11900 East 12 Mile Road
Suite 206
Warren, MI 48093

FILED   Received for Filing   Oakland County Clerk   11/21/2018 1:52 PM

## Michigan Spine and Brain Surgeons, PLLC
### Medical Lien & Assignment Agreement On Health Care Insurance Receivable

Patient Name: _____ Joan Barabas _____ ("Assignor")

Medical Provider: _ Michigan Spine and Brain Surgeons, PLLC _ ("Assignee")

In exchange for the professional services for surgery and/or medical care, the following Lien and Assignment on Health Care Insurance Receivable shall be granted by Assignor to Assignee; in furtherance thereof, Assignor acknowledges the following:

Assignor acknowledges that he/she has incurred charges for medical services for which payment is due or is past due under a policy of insurance. Assignor acknowledges that Assignee has not only provided such medical services upon a promise of payment by Assignor, and Assignor's grant of this security interest, but Assignee may also assume the burden of enforcement of payment obligations for charges, no-fault interest, and attorney fees. This is an assignment to a health-care provider of a health-care-insurance receivable and any right to payment on all charges by any account debtor insurer.

As a means of cross collateralization of the security interest granted to Assignee, a lien is granted in the amount of all charges. This lien shall apply to proceeds acquired by Assignor through the exercise of any rights arising from any claim, cause of action, recovery, judgment, settlement or adjudication of any rights available to Assignor, whether raised against any individual or insurance company which was a proximate cause of the need for the medical services provided.

Assignor acknowledges and grants an assignment of any right to enforce payment of charges due or past due for medical services, from any policy of insurance, including but not limited to both health insurance and no-fault insurance, and shall include, in Assignee's sole discretion, the right to consider appeal of a payment denial, and/or the right to file suit to enforce the payment of benefits due or past due, the right to pursue enforcement under any beneficiary or fiduciary rights of Assignee in any plan issued or managed pursuant to ERISA federal law, and the right to pursue all Assignee's rights to interest and attorney fees that may be a part of the available rights under any suit based upon a certificate of coverage in any primary non-group health plan, such as no-fault, and or an ERISA plan.

Assignee or its agent is designated as my attorney in fact with respect to any action taken in pursuit of payment of incurred charges, interest, and attorney fees under any policy of insurance or rights under Michigan law. This power of attorney is not intended to, nor does it allow Assignee to take any action on any claim unrelated to the Assignee's charges, interest due thereon, and/or attorney fees incurred in the pursuit of any Assignee action.

I further instruct my attorneys, _____, to treat the medical bill incurred by me from Assignee as a first lien upon any monies recovered, payable from whatever source, disclaiming any common fund, and to pay the amount of the lien in full, without regard to any costs or attorney fees that I may incur, before Assignor is to receive any funds. I further instruct my attorneys to advise Assignee as to the existence of any claim asserted on my behalf relating to the medical services provided, so that Assignee may seek its own counsel and representation to enforce this Lien and Assignment.

Assignor's liability will be discharged by payment of any funds arising from settlement or judgment from Assignor's suit. This assignment does not extend to any future benefit in violation of MCL 500.3143.

This assignment shall be irrevocable. To the extent that any provision is determined to be unenforceable, it is my intent that the remaining provisions be enforced.

Patient Signature _____ ("Assignor")

Date _9/14/2018_

Providence Park
26850 Providence Parkway
Suite 215
Novi, MI 48374

Providence Medical Office Building
22250 Providence Drive
Suite 601
Southfield, MI 48075

St. John Macomb
11900 East 12 Mile Road
Suite 206
Warren, MI 48093

FILED    Received for Filing    Oakland County Clerk    11/21/2018 1:52 PM

# EXHIBIT 2

FILED   Received for Filing   Oakland County Clerk   11/21/2018 1:52 PM

Name: Barabas, Joan Mary

Address:

Account No: 1274100

Coll

| Claim No | Date | Description | Charges |
|----------|------|-------------|---------|
| 219534 | 9/12/2018 | Charges (Pr:BR Fac: PP MSBS) | 0 |
| 217263 | 8/14/2018 | Charges (Pr:BR Fac: PARK) | 29,545.00 |
| | 9/5/2018 | HAP PREFERRED | |
| 215213 | 7/11/2018 | Charges (Pr:BR Fac: PP MSBS) | 250 |
| | 9/18/2018 | HEALTH ALLIANCE PLAN | |
| | 7/11/2018 | Patient Payment | |
| 214641 | 6/27/2018 | Charges (Pr:BR Fac: PP MSBS) | 225 |
| | 7/31/2018 | HEALTH ALLIANCE PLAN | |
| | 7/9/2018 | Patient Payment | |
| 204557 | 2/14/2018 | Charges (Pr:BR Fac: PP MSBS) | 0 |
| 201495 | 1/12/2018 | Charges (Pr:BR Fac: BOTSFORD) | 3,675.00 |
| | 1/23/2018 | HEALTH ALLIANCE PLAN - MEDICARE | |
| 199900 | 12/13/2017 | Charges (Pr:BR Fac: PP MSBS) | 545 |
| | 1/17/2018 | HAP Senior Plus | |
| | 12/13/2017 | Patient Payment | |
| | | Total | $34,240.00 |

| Payments | Adjust | WithHeld | Pt Bal | Ins Bal |
|---|---|---|---|---|
|  |  |  | 0 | 0 |
|  |  |  | 0 | 26,010.78 |
| 3,534.22 | 0 | 0 |  |  |
|  |  |  | 0 | 0 |
| 99.13 | 140.87 | 0 |  |  |
| 10 | 0 | 0 |  |  |
|  |  |  | 0 | 151.01 |
| 63.99 | 0 | 0 |  |  |
| 10 | 0 | 0 |  |  |
|  |  |  | 0 | 0 |
|  |  |  | 0 | 3,132.66 |
| 542.34 | 0 | 0 |  |  |
|  |  |  | 0 | 422.8 |
| 112.2 | 0 | 0 |  |  |
| 10 | 0 | 0 |  |  |
| $4,381.88 | $140.87 | $0.00 | $0.00 | $29,717.25 |

FILED  Received for Filing  Oakland County Clerk  11/21/2018 1:52 PM

SCHEFMAN & ASSOCIATES, PC
40900 Woodward Avenue, Suite 111
Bloomfield Hills, MI 48304

**CERTIFIED MAIL**

Metroplex MI 488 ZIP

FRI 07 DEC 2018 PM

7017 2400 0000 9765 903

02 1P  $008.
0000234166  DEC 04
MAILED FROM ZIP CODE 4

State Farm Mutual Automobile Insurance
Co.
Resident Agent
601 Abbot Rd
East Lansing, MI 48823

*Exhibit B*



# Notice of Service of Process

null / ALL
Transmittal Number: 19073951
Date Processed: 12/10/2018

| | |
|---|---|
| **Primary Contact:** | State Farm Enterprise SOP<br>Corporation Service Company- Wilmington, DELAWARE<br>251 Little Falls Dr<br>Wilmington, DE 19808-1674 |
| **Entity:** | State Farm Mutual Automobile Insurance Company<br>Entity ID Number 3461675 |
| **Entity Served:** | State Farm Mutual Automobile Insurance Company |
| **Title of Action:** | Michigan Spine & Brain Surgeons, PLLC (Our File: J. Barabas) vs. State Farm Mutual Automobile Insurance Company |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Oakland County Circuit Court, MI |
| **Case/Reference No:** | 2018-170087-N F |
| **Jurisdiction Served:** | Michigan |
| **Date Served on CSC:** | 12/10/2018 |
| **Answer or Appearance Due:** | 28 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| **Sender Information:** | Bryan Schefman<br>248-594-2600 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674 (888) 690-2882 | sop@cscglobal.com

*Exhibit C*

**STATE OF MICHIGAN**

**IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND**

MICHIGAN SPINE & BRAIN
SURGEONS, PLLC (OUR FILE: J.
BARABAS),

                      Plaintiff,

  -vs-

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

                  Defendant.

Case No. 18-170087-NF

HON. CHERYL A. MATTHEWS

| | |
|---|---|
| Bryan L. Schefman, P35435 | Susan J. Bergstrom, P74284 |
| Schefman & Associates, PC | Julie A. Taylor & Associates |
| Attorney for Plaintiff | Attorney for Defendant State Farm |
| 40900 Woodward Ave., Suite 111 | 20750 Civic Center Dr., Suite 400 |
| Bloomfield Hills, MI 48304 | Southfield, MI 48076 |
| (248) 594-2600; Fax: (248) 562-3225 | (248) 945-3841; Fax: (855) 847-1378 |

**<u>APPEARANCE</u>**

    The undersigned files this Appearance on behalf of the Defendant, State Farm

Mutual Automobile Insurance Company, in the above-captioned cause of action.

                JULIE A. TAYLOR & ASSOCIATES

                /s/ Susan J. Bergstrom

                Susan J. Bergstrom, P74284

        FEE        Attorney for Defendant State Farm

                20750 Civic Center Dr., Suite 400

                Southfield, MI 48076

                (248) 945-3841

Dated:      January 7, 2019

                EMPLOYEES OF THE LAW DEPARTMENT, STATE
                FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

FILED Received for Filing Oakland County Clerk 1/7/2019 2:24 PM

**STATE OF MICHIGAN**

**IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND**

MICHIGAN SPINE & BRAIN
SURGEONS, PLLC (OUR FILE: J.
BARABAS),

                    Plaintiff,

-vs-

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

                    Defendant.

Case No. 18-170087-NF

HON. CHERYL A. MATTHEWS

| | |
|---|---|
| Bryan L. Schefman, P35435 | Susan J. Bergstrom, P74284 |
| Schefman & Associates, PC | Julie A. Taylor & Associates |
| Attorney for Plaintiff | Attorney for Defendant State Farm |
| 40900 Woodward Ave., Suite 111 | 20750 Civic Center Dr., Suite 400 |
| Bloomfield Hills, MI 48304 | Southfield, MI 48076 |
| (248) 594-2600; Fax: (248) 562-3225 | (248) 945-3841; Fax: (855) 847-1378 |

**<u>ANSWER TO COMPLAINT</u>**

NOW COMES Defendant, State Farm Mutual Automobile Insurance Company, by and through its attorneys, JULIE A. TAYLOR & ASSOCIATES, and in answer to Plaintiff, Michigan Spine & Brain Surgeons, PLLC's Complaint states as follows:

**<u>JURISDICTIONAL AND COMMON ALLEGATIONS</u>**

1.     State Farm admits the allegations of paragraph one.

2.     In regard to paragraph two, State Farm admits that Joan Barabas "was an insured under Defendant's policy of No-Fault Insurance" and that certain benefits have been paid in connection with her No-Fault claim arising out of the February 10, 2014 auto accident. State Farm further admits that Michigan Spine & Brain Surgeons, PLLC has submitted two documents it purports to be assignments from Joan Barabas. As to the remaining allegations in paragraph two, State Farm denies same because they are untrue.

FILED   Received for Filing   Oakland County Clerk   1/7/2019 2:24 PM

3.      State Farm admits the allegations of paragraph three.

4.      State Farm lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph four.

### COUNT I – DIRECT RIGHT OR PAYMENT BY ASSIGNMENT

5.      State Farm incorporates by reference its answers to paragraphs 1 through 4 of Plaintiff's Complaint for its answer to paragraph five.

6.      State Farm admits the allegations of paragraph six only to the extent that State Farm previously paid no fault benefits to or on behalf of Joan Barabas in regard to the February 10, 2014 auto accident

7.      In regard to paragraph seven, State Farm admits only that Joan Barabas was an insured under Defendant's policy of No-Fault Insurance. Defendant further admits that Joan Barabas was entitled to No-Fault benefits under the policy only to the extent of benefits previously paid to or on behalf of Joan Barabas arising out of the February 10, 2014 accident.

8.      In paragraph eight, State Farm admits only that Joan Barabas was an insured under Defendant's policy of No-Fault Insurance and that certain benefits have been previously paid in connection with her No-Fault claim arising out of the February 10, 2014 accident. Answering further, no exclusion has been identified to date.

9.      In regard to paragraph nine, State Farm admits only that the policy provides PIP coverage but that the contract speaks for itself.

10.      State Farm admits the allegations of paragraph ten only to the extent that State Farm previously paid no fault benefits to or on behalf of Joan Barabas arising out of the February 10, 2014 accident. Answering further, denied, no further benefits are currently outstanding.

11.     In regard to paragraph eleven, State Farm admits only that Plaintiff submitted two alleged assignments from Joan Barabas, and denies the remaining allegations of paragraph eleven.

12.     State Farm denies the allegations of paragraph twelve because they are untrue.

13.     State Farm admits the allegations of paragraph thirteen only to the extent that State Farm previously paid no fault benefits to or on behalf of Joan Barabas arising out of the February 10, 2014 accident. Answering further, denied, no further benefits are currently outstanding.

14.     State Farm lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph fourteen as to the charges for both insured and uninsured patients. In further answer, State Farm denies the remaining allegations because they are untrue.

15.     State Farm denies the allegations of paragraph fifteen because they are untrue.

16.     State Farm denies the allegations of paragraph sixteen because they are untrue.

17.     State Farm denies the allegations of paragraph seventeen because they are untrue.

18.     State Farm denies the allegations of paragraph eighteen because they are untrue.

WHEREFORE, Defendant State Farm prays for a judgment of no cause of action and/or dismissal together with court costs and attorney fees so wrongfully sustained.

FILED   Received for Filing   Oakland County Clerk   1/7/2019 2:24 PM

FILED   Received for Filing   Oakland County Clerk   1/7/2019 2:24 PM

## COUNT II – THIRD-PARTY BENEFICIARY

19.     State Farm incorporates by reference its answers to paragraphs 1 through 18 of Plaintiff's Complaint for its answer to paragraph nineteen.

20.     State Farm denies the allegations of paragraph twenty because they are untrue.

21.     State Farm denies the allegations of paragraph twenty-one because they are untrue.

22.      State Farm denies the allegations of paragraph twenty-two because they are untrue.

23.      State Farm denies the allegations of paragraph twenty-three because they are untrue.

24.      State Farm denies the allegations of paragraph twenty-four because they are untrue.

WHEREFORE, Defendant State Farm prays for a judgment of no cause of action and/or dismissal together with court costs and attorney fees so wrongfully sustained.

## COUNT III – RECOVERY UNDER THE MEDICARE SECONDARY PAYOR ACT

25.     State Farm incorporates by reference its answers to paragraphs 1 through 24 of Plaintiff's Complaint for its answer to paragraph twenty-five.

26.     State Farm lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph twenty-six.

27.     State Farm denies the allegations of paragraph twenty-seven because they are untrue.

28.     State Farm denies the allegations of paragraph twenty-eight because they are untrue.

FILED   Received for Filing   Oakland County Clerk   1/7/2019 2:24 PM

29.     State Farm denies the allegations of paragraph twenty-nine because they are untrue.

30.     State Farm denies the allegations of paragraph thirty because they are untrue.

31.     State Farm denies the allegations of paragraph thirty-one because they are untrue.

WHEREFORE, Defendant State Farm prays for a judgment of no cause of action and/or dismissal together with court costs and attorney fees so wrongfully sustained.

JULIE A. TAYLOR & ASSOCIATES

/s/ Susan J. Bergstrom
Susan J. Bergstrom, P74284
Attorney for Defendant State Farm
20750 Civic Center Dr., Suite 400
Southfield, MI 48076
(248) 945-3841

Dated:        January 7, 2019

FILED   Received for Filing   Oakland County Clerk   1/7/2019 2:24 PM

**STATE OF MICHIGAN**

**IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND**

MICHIGAN SPINE & BRAIN
SURGEONS, PLLC (OUR FILE: J.
BARABAS),

                              Plaintiff,

-vs-

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

                              Defendant.

Case No. 18-170087-NF

HON. CHERYL A. MATTHEWS

| | |
|---|---|
| Bryan L. Schefman, P35435<br>Schefman & Associates, PC<br>Attorney for Plaintiff<br>40900 Woodward Ave., Suite 111<br>Bloomfield Hills, MI 48304<br>(248) 594-2600; Fax: (248) 562-3225 | Susan J. Bergstrom, P74284<br>Julie A. Taylor & Associates<br>Attorney for Defendant State Farm<br>20750 Civic Center Dr., Suite 400<br>Southfield, MI 48076<br>(248) 945-3841; Fax: (855) 847-1378 |

**SPECIAL AND/OR AFFIRMATIVE DEFENSES**

NOW COMES the Defendant, State Farm Mutual Automobile Insurance Company, by and through its attorneys, JULIE A. TAYLOR & ASSOCIATES, and hereby asserts as special/affirmative defenses, if applicable, the following:

1.     Plaintiff's claim for interest is barred because all or part of its claims are not past due because Plaintiff has not presented reasonable proof of fact and amount of loss.

2.     Plaintiff is not entitled to attorney fees under MCL 500.3148(1) because benefits are not past due and because State Farm did not unreasonably delay or refuse to pay benefits because a reasonable question of entitlement and/or a reasonable question of law existed.

3.     The contract of insurance applicable to this accident provides for coordinated benefits coverage which renders any other health coverage as the primary

provider of medical expenses and this Defendant is solely responsible for excess medical expenses which are not otherwise paid or payable by the primary coverage.

4.      The expenses incurred were not reasonable or necessary and the treatment received was unreasonable and excessive.

5.      To the extent Plaintiff has accepted and negotiated checks from State Farm in payment of any and all such benefits, same represents an accord and satisfaction precluding re-submission, renegotiation, or re-litigation of such items. Copies of checks are believed to be in possession of Plaintiff.

6.      The Michigan No-Fault Act does not grant healthcare providers a statutory cause of action against insurers to recover the costs of providing products, services, and accommodations to an injured person.

7.      Any assignment of benefits or other transfer of rights is not binding on Defendant unless approved by Defendant.

8.      Plaintiff's claim should be dismissed because the underlying State Farm policy states "no assignment of benefits or other transfer of rights is binding upon us unless approved by us" and no such approval has been requested or provided in the present case.

9.      Plaintiff's claims are barred because Plaintiff lacks standing, capacity, and/or authority to bring a claim against State Farm pursuant to a purported assignment of rights under the terms of the applicable policy, which expressly forbids any assignments of benefits or other transfer of rights without State Farm's approval.  State Farm did not approve Plaintiff's purported assignments, which are therefore invalid and cannot confer standing, capacity, and/or authority to sue upon Plaintiff in this case.

FILED   Received for Filing   Oakland County Clerk   1/7/2019 2:24 PM

10.     Plaintiff's claims are barred, in whole or in part, by the one-year back rule of MCL 500.3145(1).

JULIE A. TAYLOR & ASSOCIATES

/s/ Susan J. Bergstrom
Susan J. Bergstrom, P74284
Attorney for Defendant State Farm
20750 Civic Center Dr., Suite 400
Southfield, MI 48076
(248) 945-3841

Dated:      January 7, 2019

FILED   Received for Filing   Oakland County Clerk   1/7/2019 2:24 PM

**STATE OF MICHIGAN**

**IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND**

MICHIGAN SPINE & BRAIN
SURGEONS, PLLC (OUR FILE: J.
BARABAS),

               Plaintiff,

-vs-

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

               Defendant.

Case No. 18-170087-NF

HON. CHERYL A. MATTHEWS

| | |
|---|---|
| Bryan L. Schefman, P35435<br>Schefman & Associates, PC<br>Attorney for Plaintiff<br>40900 Woodward Ave., Suite 111<br>Bloomfield Hills, MI 48304<br>(248) 594-2600; Fax: (248) 562-3225 | Susan J. Bergstrom, P74284<br>Julie A. Taylor & Associates<br>Attorney for Defendant State Farm<br>20750 Civic Center Dr., Suite 400<br>Southfield, MI 48076<br>(248) 945-3841; Fax: (855) 847-1378 |

**<u>DEMAND FOR TRIAL BY JURY</u>**

    The Defendant, State Farm Mutual Automobile Insurance Company, by and through its attorneys, JULIE A. TAYLOR & ASSOCIATES, demands a jury Trial.

                        JULIE A. TAYLOR & ASSOCIATES

                        /s/ Susan J. Bergstrom
                        Susan J. Bergstrom, P74284
                        Attorney for Defendant State Farm
                        20750 Civic Center Dr., Suite 400
                        Southfield, MI 48076
                        (248) 945-3841

Dated:       January 7, 2019

FILED   Received for Filing   Oakland County Clerk   1/7/2019 2:24 PM

**STATE OF MICHIGAN**

**IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND**

MICHIGAN SPINE & BRAIN
SURGEONS, PLLC (OUR FILE: J.
BARABAS),

|  |  |
|---|---|
| Plaintiff, | Case No. 18-170087-NF |
|  | HON. CHERYL A. MATTHEWS |

-vs-

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

Defendant.

| | |
|---|---|
| Bryan L. Schefman, P35435 | Susan J. Bergstrom, P74284 |
| Schefman & Associates, PC | Julie A. Taylor & Associates |
| Attorney for Plaintiff | Attorney for Defendant State Farm |
| 40900 Woodward Ave., Suite 111 | 20750 Civic Center Dr., Suite 400 |
| Bloomfield Hills, MI 48304 | Southfield, MI 48076 |
| (248) 594-2600; Fax: (248) 562-3225 | (248) 945-3841; Fax: (855) 847-1378 |

**PROOF OF SERVICE**

STATE OF MICHIGAN   )
                    )SS
COUNTY OF OAKLAND)

Kathleen L. Porter certifies the following:

That on the 7th day of January, 2019 she electronically filed copies of Defendant State Farm Mutual Automobile Insurance Company's Appearance, Answer to Complaint, Affirmative Defenses, Demand for Trial By Jury, and this Proof of Service with the Clerk of the Court using MiFile and electronically served copies on Bryan L. Schefman, Esq., via e-mail through MiFile.

/s/ Kathleen L. Porter
Kathleen L. Porter

FILED   Received for Filing   Oakland County Clerk   1/7/2019 2:24 PM